MATTHEW RIBOLDI,

       *Plaintiff,*

       v.

WARREN COUNTY DEPARTMENT OF
HUMAN SERVICES DIV. OF
TEMPORARY ASSISTANCE AND
SOCIAL SERVICES,

and

WORK FIRST NEW JERSEY,

       *Defendants.*

Civil Action No:
16-cv-00572 (PGS)(TJB)

**MEMORANDUM AND
ORDER**

This matter comes before the Court on the motions of Defendant Warren County Department of Human Services Division of Temporary Assistance and Social Services (Warren County), and Defendant Work First New Jersey's (State) to dismiss Plaintiff Matthew Riboldi's Second Amended Complaint (ECF 50 and 51) for failure to state a claim. For the reasons discussed herein, Defendants' motions to dismiss are granted.

I.

In this action, Plaintiff alleges that Defendants violated the Americans with Disabilities Act (ADA) by delaying his Supplemental Nutrition Assistance Program ("SNAP") benefits and medical benefits by failing to provide job training, and by failing to accommodate his disability at his hearing to determine benefits eligibility. He also alleges that the failure to accommodate his disabilities violated his due process rights.

Plaintiff Matthew Riboldi originally applied for disability benefits on August 1, 2013 in Warren County because he had become homeless. [SAC at 1; ECF 45]. He applied for food stamps

1

benefits under SNAP, emergency assistance benefits, general assistance benefits, and medical assistance benefits. [*Id.* at 1]. Warren County granted SNAP benefits and medical assistance, but denied the other assistance programs. Plaintiff alleges that Defendants violated the Americans with Disabilities Act by delaying his SNAP benefits for 50 days and medical assistance benefits for approximately 120 days because he submitted all necessary paperwork to Warren County to support his request for disability accommodations. [*Id.*]

Plaintiff was found ineligible for both general assistance and emergency assistance benefits. Warren County denied Plaintiff general assistance benefits because he had a prior drug distribution conviction in violation of program requirements. *See* N.J.A.C. 10:90-2.8(a)(8) and N.J.A.C. 10:90-18.6. [ECF 37 at 4, Letter from the Department of Human Services, Final Decision affirming previous decision by the Agency to deny Petitioner WFNJ/GA)].[1] Plaintiff appealed and, in January 2014, the denial of benefits was affirmed by Administrative Law Judge Gail M. Cookson.[2] [SAC at 3].

In contrast, Warren County initially granted Plaintiff SNAP benefits and Plaintiff received these benefits from December 2013 to June 2015. [SAC at 1, 4]. Warren County did not exempt Plaintiff from the work/training requirement for SNAP eligibility because a physician, who examined Plaintiff, found that he was not mentally or physically disabled and was able to work. [Def. Warren County's Reply at 3, ECF 56]. Warren County revoked Plaintiff's SNAP eligibility in June 2015 and closed his case because Plaintiff failed to meet this work/training requirement

---

[1]     "As a general matter, a district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings. However, an exception to the general rule is that a document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment." *In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1426 (3d Cir. 1997).

[2]     Originally, Plaintiff's fair hearing was scheduled on November 27, 2013. It was rescheduled for January 8, 2014, to allow Plaintiff to review his Warren County case file. [SAC at 3].

since Plaintiff failed to attend mandatory career counseling meetings with Warren County employees. [SAC at 6-7].

Plaintiff further alleges that Defendants made no attempt to make reasonable disability accommodations for him, even though Defendants knew about his disability accommodation needs. [SAC at 3].

Based on Defendants' denial of benefits and failure to address his fair hearing and accommodation request, Plaintiff brings this present cause of action, alleging:

(1) Violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq.; and
(2) Violations of the Fifth and Eleventh Amendments of the U.S. Constitution.

[SAC at 2-3]. Defendants seek dismissal of these claims pursuant to Fed. R. Civ. P. 12(b)(6) because Plaintiff fails to plead sufficient facts to maintain claims for violations of the ADA or due process rights. [ECF 50, 51].

III.

First, the Court notes that Plaintiff is proceeding *pro se*, and for that reason "we construe his complaint in the way most favorable to him." *Carr v. Sharp*, 454 F.2d 271, 272 (3d Cir. 1971).

On a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), the Court is required to accept as true all allegations in the Complaint and all reasonable inferences that can be drawn therefrom, and to view them in the light most favorable to the non-moving party. *See Oshiver v. Levin,* 38 F.3d 1380, 1384 (3d Cir. 1994). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). While a court will accept well-pleaded allegations as true for the purposes of the motion, it will not accept bald assertions, unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast

in the form of factual allegations. *Iqbal*, 556 U.S. at 678-79; *see also Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). A complaint should be dismissed only if the well-pleaded alleged facts, taken as true, fail to state a claim. *See In re Warfarin Sodium*, 214 F.3d 395, 397-98 (3d Cir. 2000).

## IV.

Although Plaintiff's Second Amended Complaint appears to be more detailed than the previous one, it still lacks a clear statements of the claims set forth. Plaintiff also fails to state what relief he is seeking, or to state a claim for which relief may be granted. [Def. WFNJ's Br. at 7, ECF 50-1; Def. Warren County's Br. at 8, ECF 51]. In fact, although Plaintiff sought $64 million in damages in the First Amended Complaint, he failed to make a prayer for relief in his Second Amended Complaint. [ECF 13 at 2; ECF No. 45].

In analyzing the contents of Plaintiff's submission, the Court discerns claims for violations of the American with Disabilities Act (ADA) and due process rights. Thus, the Court reviews those two claims pursuant to the Fed. R. Civ. P. 12(b)(6) standard.[3]

### A. <u>Violation of the Americans with Disabilities Act</u>

Plaintiff claims that Defendants violated the ADA when Defendants' employees delayed his SNAP and medical benefits, failed to provide him "employment and training services," and failed to provide disability accommodations at his fair hearing. (SAC at 1, 7; ECF 45).

Title II of the Americans with Disabilities Act prohibits discrimination in the services of public entities and provides:

> [N]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.

---

[3] Plaintiff asserts additional claims and facts in his opposition brief to Defendants' motions to dismiss, including gender, race, and employment discrimination. [Pl.'s Br. at 9; ECF 52]. Because these claims were not raised in the Second Amended Complaint, this Court will not consider them for purpose of the present motion to dismiss.

42 U.S.C. § 12132. *See also Calloway v. Boro of Glassboro Dep't of Pol.*, 89 F.Supp.2d 543, 551 (D.N.J. 2000); *Gallo v. Hamilton Twp. Police Dep't,* 2006 U.S. Dist. LEXIS 48206, *10, 2006 WL 2000135 (D.N.J. July 17, 2006). A "qualified individual" as explained in 42 U.S.C. § 12131 is:

> an individual with a disability who, with or without reasonable modifications to rules, policies, or practices, the removal of architectural, communication, or transportation barriers, or the provision of auxiliary aids and services, meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity.

The term "disability" is defined under the ADA as: "(a) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (b) a record of such an impairment; or (c) being regarded as having such an impairment." 42 U.S.C. § 12102(1)(A).

Although the First Amended Complaint contained a report from a psychologist that suggested Plaintiff had post-traumatic stress disorder and learning disabilities, [First Amended Compl. at 16; ECF 13], Plaintiff has failed to state a claim under the ADA because Plaintiff did not specifically allege his disabilities and that he suffered discrimination because of those disabilities in the Second Amended Complaint.

Moreover, Plaintiff claims he was denied benefits or services as a result of his disabilities, but he does not specify what services were denied or provide support for how these services were denied as a result of his disabilities. Plaintiff was denied general assistance benefits, which was affirmed on appeal, pursuant to N.J.A.C. 10:90-18.6. He was denied emergency assistance benefits, pursuant to N.J.A.C. 10:90-6.2, because such assistance is only available to WDNJ/GA recipients and Supplemental Security Income (SSI) recipients. Warren County denied Plaintiff SNAP benefits only after Plaintiff failed to meet the work/training eligibility requirement because Plaintiff failed to attend mandatory career training meetings with Warren County employees.

Therefore, Plaintiff fails to set forth sufficient facts against Defendants and their employees to state claim for a violation of the ADA because he did not specify his disabilities, or provide support for how these services were denied as a result of his disabilities.

## B. Violation of Due Process Rights under the Fifth and Eleventh Amendments

Plaintiff argues that Defendants violated his due process under the Fifth and the Eleventh Amendment because Defendants' failures to reasonably accommodate his disabilities resulted in an "unfair and unequal access" to a fair hearing to determine eligibility for the SNAP and Medical Assistance programs and that the benefits under these programs were necessary to preserving his life as a homeless individual. [SAC at 4; ECF 45].

"[T]he due process clause under the Fifth Amendment only protects against federal governmental action and does not limit the actions of state officials." *Caldwell v. Beard*, 324 F. App'x 186, 189 (3d Cir. 2009). Plaintiff's due process claims are not cognizable because Plaintiff failed to allege actions by federal entities and officials required for a Fifth Amendment claim. Further, the Eleventh Amendment does not apply in cases where an individual is suing the state. [Def. WFNJ's Br. at 9, ECF 50-1; Def. Warren County's Br. at 10-11, ECF 51].

The Second Amended Complaint does not make any allegations against WFNJ or its employees.[4] Even if Plaintiff made allegations against WFNJ employees, no Fifth Amendment due process claim is cognizable because WFNJ employees are state officials. [Brief for WFNJ at 9; ECF 50-1].

Moreover, the Eleventh Amendment of the U.S. Constitution immunizes states from being sued in most circumstances. The Eleventh Amendment protects states from suits brought in federal

---

[4]     WFNJ is technically not a state entity; it is the name of New Jersey's welfare benefits program. N.J. Admin. Code § 10:90-1.1. The State of New Jersey Department of Human Services (DHS), Division of Family Development (DFD), oversees the WFNJ program pursuant to N.J. Admin. Code § 10:90-1.1(g). [Brief of WFNJ at 8; ECF 50-1]. By Plaintiff referring to WFNJ, it is difficult to determine who or why Plaintiff is suing.

Therefore, Plaintiff fails to set forth sufficient facts against Defendants and their employees to state claim for a violation of the ADA because he did not specify his disabilities, or provide support for how these services were denied as a result of his disabilities.

**B. <u>Violation of Due Process Rights under the Fifth and Eleventh Amendments</u>**

Plaintiff argues that Defendants violated his due process under the Fifth and the Eleventh Amendment because Defendants' failures to reasonably accommodate his disabilities resulted in an "unfair and unequal access" to a fair hearing to determine eligibility for the SNAP and Medical Assistance programs and that the benefits under these programs were necessary to preserving his life as a homeless individual. [SAC at 4; ECF 45].

"[T]he due process clause under the Fifth Amendment only protects against federal governmental action and does not limit the actions of state officials." *Caldwell v. Beard*, 324 F. App'x 186, 189 (3d Cir. 2009). Plaintiff's due process claims are not cognizable because Plaintiff failed to allege actions by federal entities and officials required for a Fifth Amendment claim. Further, the Eleventh Amendment does not apply in cases where an individual is suing the state. [Def. WFNJ's Br. at 9, ECF 50-1; Def. Warren County's Br. at 10-11, ECF 51].

The Second Amended Complaint does not make any allegations against WFNJ or its employees.[4] Even if Plaintiff made allegations against WFNJ employees, no Fifth Amendment due process claim is cognizable because WFNJ employees are state officials. [Brief for WFNJ at 9; ECF 50-1].

Moreover, the Eleventh Amendment of the U.S. Constitution immunizes states from being sued in most circumstances. The Eleventh Amendment protects states from suits brought in federal

---

[4]       WFNJ is technically not a state entity; it is the name of New Jersey's welfare benefits program. N.J. Admin. Code § 10:90-1.1. The State of New Jersey Department of Human Services (DHS), Division of Family Development (DFD), oversees the WFNJ program pursuant to N.J. Admin. Code § 10:90-1.1(g). [Brief of WFNJ at 8; ECF 50-1]. By Plaintiff referring to WFNJ, it is difficult to determine who or why Plaintiff is suing.

court and does not create a private cause of action as Plaintiff seems to allege. [Def. WFNJ's Br. at 9, ECF 50-1; Def. Warren County's Br. at 10-11, ECF 51].

The Court notes that Plaintiff is proceeding *pro se*. He might have intended to bring a due process claim under the Fourteenth Amendment instead of the Fifth Amendment. With that in mind, the Court reviews his claims under the procedural due process standard of the Fourteenth Amendment.

The Fourteenth Amendment's Due Process Clause provides that no State shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV § 1. There are two steps to properly asserting a procedural due process claim based on a deprivation of property: (1) alleging a deprivation of a property interest that is encompassed within the scope of the Fourteenth Amendment, and (2) alleging that the procedures attendant to the deprivation were constitutionally deficient. *See Iles v. de Jongh*, 638 F.3d 169, 173, 55 V.I. 1251 (3d Cir. 2011).

> In *Goldberg v. Kelly*, 397 U.S. 254 (1970), the United States Supreme Court set the standard for pre-termination hearings for public assistance, which is a constitutionally-protected property interest entitled to procedural due process. The Court explained that due process requires that "a recipient have timely and adequate notice detailing the reasons for a proposed termination, and an effective opportunity to defend by confronting any adverse witnesses and by presenting his own arguments and evidence orally." *Goldberg*, 397 U.S. at 267–68.

*Pratt v. Hous. Auth. For City of Camden*, No. CIV.A.05-0544 NLH, 2006 WL 2792784, at *5 (D.N.J. Sept. 27, 2006). "The opportunity to be heard must be tailored to the capacities and circumstances of those who are to be heard." *Goldberg*, 397 U.S. at 268–69.

In attempting to understand Plaintiff's allegations, the facts show Plaintiff received a hearing. Plaintiff alleges that he was excluded from access to the hearing because his disability accommodation requests were not addressed. [SAC at 4]. Throughout his Complaint, Plaintiff repeats several times that he has disabilities, but he does not specifically list them. Plaintiff stated,

"I informed that social worker that I am an American with a disability and that I would need assistance at the Fair Hearing."[5] Yet, the Court is not aware of whether he specifically informed them of his disability or whether he requested specific accommodations.

Moreover, it remains unclear how and where Defendants' employees discriminated against Plaintiff. All of these allegations are conclusory. For example, Plaintiff alleges that "[i]t becomes reasonable to understand that because I asked for disability accommodations in person, on the phone, and in writing prior to the Fair Hearing that I was being excluded from the benefits and programs that I had originally applied for on 8/1/13." [SAC at 1; ECF 45]. This type of statements are insufficient to support a claim.

Thus, based on the allegations presented, the Court is unable to tell whether the accommodations requested were properly denied, or whether a proper request was filed.

Since the Court cannot discern the basis of the claims raised, or against who they are raised, the Complaint does not set forth a clear plain statement of a cause of action. In sum, the facts provided in the Second Amended Complaint are insufficient to support either a claim under the ADA or a due process claim.

The Court notes that the Third Circuit has held that "[a] district court should not dismiss a pro se complaint without allowing the plaintiff leave to amend unless amendment would be futile." *Hill v. Rozum*, 447 F. Appx. 289, 290 (3d Cir. 2011) (citing *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004)). Plaintiff has had multiple chances to remediate the insufficiency of his Complaint but once again has failed to do so. At this time, to allow further amendments of the Complaint

---

[5]     Unlike Plaintiff's First Amended Complaint, where Plaintiff included information suggesting he had various mental and intellectual disabilities, the Second Amended Complaint does not specify Plaintiff's disabilities. [ECF 13 at 16].

would be a futile exercise. *See Hoffenberg v. Bumb,* 446 F. App'x 394, 399 (3d Cir. 2011); *Rhett v. N.J. State Superior Court,* 260 F. App'x 513, 516 (3d Cir. 2008).

For those reasons, Defendants' motions to dismiss are GRANTED.

## ORDER

THIS MATTER having been opened to the Court by Defendants' motions to dismiss Plaintiff's Second Amended Complaint [ECF No. 50 and 51] for failure to state a claim; and the Court having fully considered the submissions in support thereof, and any opposition thereto; and having considered the arguments of the parties; and for good cause shown;

IT IS on this 25th day of April, 2018,

ORDERED that Defendant Work First New Jersey's motion to dismiss (ECF No. 50) is granted; and it is further

ORDERED that Defendant Warren County Department of Human Service's motion to dismiss (ECF No. 51) is granted.

_____
PETER G. SHERIDAN, U.S.D.J.